**ORIGINAL**

**CV 18-5079**

KUNTZ, J.

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E.D.N.Y.

★ SEP 0 4 2018 ★

SCANLON, M.J. BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

Oscar L. Sanders, 18A039
Clinton Correctional Facility
P.O.B. 2000
Dannemora, NY 12929

Plaintiff,

[Insert full name of plaintiff/prisoner]

P.O.Bor 2000

**CIVIL RIGHTS COMPLAINT**
42 U.S.C. § 1983

JURY DEMAND

YES ✓____    NO _____

-against-

Queens District Attorney
Richard Brown
125-01 Queens Blvd
Kew Gardens, NY 11415

Defendant(s).

[Insert full name(s) of defendant(s). If you need additional
space, please write "see attached" and insert a separate
page with the full names of the additional defendants. The
names listed above must be identical to those listed in Part I]

I.   **Parties:** (In item A below, place your name in the first blank and provide your present
     address and telephone number. Do the same for additional plaintiffs, if any.)

A.   Name of plaintiff   Oscar L. Sanders II

If you are incarcerated, provide the name of the facility and address:

Clinton Correctional Facility (Main)
P.O.B. 2000
Dannemora, NY 12929

Prisoner ID Number: 18A0329

If you are not incarcerated, provide your current address:

_____

_____

_____

Telephone Number: _____

B. **List all defendants.** You must provide the full names of each defendant and the addresses at which each defendant may be served. The defendants listed here must match the defendants named in the caption on page 1.

Defendant No. 1

Richard A. Brown
_____
Full Name

District Attorney
_____
Job Title

125-10 Queens Blvd
_____

Kew Gardens, N.Y. 11415
_____
Address

Defendant No. 2

_____
Full Name

_____
Job Title

_____

_____
Address

Defendant No. 3

_____
Full Name

_____
Job Title

_____

_____

Address

**Defendant No. 4**

_____

Full Name

_____

Job Title

_____

_____

Address

**Defendant No. 5**

_____

Full Name

_____

Job Title

_____

_____

Address

## II.   Statement of Claim:

(State briefly and concisely, the <u>facts</u> of your case. Include the date(s) of the event(s) alleged as well as the location where the events occurred. Include the names of each defendant and state how each person named was involved in the event you are claiming violated your rights. You need <u>not</u> give any legal arguments or cite to cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. You may use additional 8 ½ by 11 sheets of paper as necessary.)

Where did the events giving rise to your claim(s) occur? Queens County

UYC

When did the events happen? (include approximate time and date) Queens
County Supreme Court on August 11,
2010

Facts: (what happened?) My constitutional right(s) to be free from unreasonable searches and seizures was violated when police, without either a search warrant or consent, took my clothing, which had been placed in a clear plastic bag and left on the hospital floor near where I was being treated for a gunshot wound; since the officer did not know, at time of the search, that the entry and exit wounds were located on an area of my body that would have been covered by the clothes I wore at time of shooting, officer lacked probable cause to believe that my clothes were the instrumentality of a crime. It was only then I was subsequently charged with possession of a weapon (which the gun central to this case was never recovered.) Therefore, the 2010 conviction was exonerated in 2016, and I was released from out of state custody. (See att'ch Exhibit A).

___

II.A. Injuries. If you are claiming injuries as a result of the events you are complaining about, describe your injuries and state what medical treatment you required. Was medical treatment received?

I underwent two fractured ribs and a punctured lung on Rikers Island by Correctional Officers assault in 2018. In 2015, my only child (23) was murdered and state custody denied me to attend his funeral and or burial which left me psychologically unsettled. (aside from my gunshot wound to the



People v. Sanders, 26 N.Y.3d 773 (2016)
47 N.E.3d 770, 27 N.Y.S.3d 491, 2016 N.Y. Slip Op. 01255

26 N.Y.3d 773
Court of Appeals of New York.

The PEOPLE of the State of New York, Respondent,
v.
**Oscar SANDERS**, Appellant.

Feb. 23, 2016.

**Synopsis**

**Background:** Following denial of his motion to suppress evidence recovered during a warrantless search of his clothing while he was in a hospital, defendant was convicted in the Supreme Court, Queens County, Barry Kron, J., of second-degree and third-degree criminal possession of a weapon. He appealed. The Supreme Court, Appellate Division, 119 A.D.3d 878, 991 N.Y.S.2d 66, affirmed, and defendant was granted leave to appeal.

**[Holding:]** The Court of Appeals, Fahey, J., held that warrantless search and seizure of clothing left in plastic bag on floor of hospital room was unlawful.

Reversed and remitted.

West Headnotes (3)

**[1]     Searches and Seizures**
        ⊱ Probable Cause
        Defendant's constitutional right to be free from unreasonable searches and seizures was violated when police, without either a search warrant or defendant's consent, took his clothing, which had been placed in a clear plastic bag and left on the hospital floor near where he was being treated for a gunshot wound; since the officer did not know, at time of the search, that the entry and exit wounds were located on an area of defendant's body that would have been covered by the clothes defendant wore at time of the shooting, officer lacked probable cause to believe that defendant's clothes were the instrumentality of a crime. U.S.C.A. Const.Amend. 4.

        1 Cases that cite this headnote

**[2]     Searches and Seizures**
        ⊱ Necessity of and preference for warrant, and exceptions in general
        Warrantless searches and seizures are per se unreasonable unless they fall within one of the acknowledged exceptions to Fourth Amendment's warrant requirement. U.S.C.A. Const.Amend. 4.

        Cases that cite this headnote

**[3]     Searches and Seizures**
        ⊱ Presumptions and Burden of Proof
        Where a warrant has not been obtained, it is the People who have burden of overcoming the presumption that a search is unreasonable.

        Cases that cite this headnote

**Attorneys and Law Firms**

***491 Lynn W.L. Fahey, Appellate Advocates, New York City (Rahshanda Sibley of counsel), for appellant.

Richard A. Brown, District Attorney, Kew Gardens (William H. Branigan, Robert J. Masters and John M. Castellano of counsel), for respondent.

**OPINION OF THE COURT**

FAHEY, J.

**770 [1]   *775 The primary issue on this appeal is whether defendant's constitutional right to **771 ***492 be free from unreasonable searches and seizures was violated when police took defendant's clothing, which had been placed in a clear hospital bag, without either a warrant or his consent. Under the circumstances of this case, we conclude that the seizure was unconstitutional, and that the part of defendant's motion seeking to suppress that physical evidence should have been granted.

On August 11, 2010, defendant "walked in" to Jamaica Hospital in Queens seeking treatment for a gunshot wound. Pursuant to its protocol, and as required by law (Penal Law § 265.25), the hospital reported the shooting to

shooting. More important, however, is what the evidence presented at the suppression hearing does *not* establish. That evidence does not show that, before the seizure, the testifying officer knew that entry and exit wounds were located on an area of defendant's body that would have been covered by the clothes defendant wore at the time of the shooting. Similarly, the record of that proceeding contains no other indicium that could have given rise to a reasonable belief that the shooting had affected defendant's clothes. To that end, there is no record support for the lower *778 courts' conclusion that the investigating officer had probable cause to believe that defendant's clothes were the instrumentality of a crime (*see generally People v. Cook,* 85 N.Y.2d 928, 931, 626 N.Y.S.2d 1000, 650 N.E.2d 847 [1995]; *cf. generally People v. Salvodon,* 127 A.D.3d 1239, 1240–1241, 6 N.Y.S.3d 674 [2d Dept.2015] ).

Consequently, for the foregoing reasons we conclude that the seizure was illegal and the items seized were improperly admitted into evidence at trial. In view of our determination that defendant's motion to suppress the physical evidence should **773 ***494 have been granted, we do not address defendant's remaining contentions.[3]

Accordingly, the order of the Appellate Division should be reversed, defendant's motion insofar as it sought to suppress the physical evidence granted, the judgment vacated, and the case remitted to Supreme Court for further proceedings in accordance with this opinion.

Judges PIGOTT, RIVERA, ABDUS–SALAAM and STEIN concur; Chief Judge DiFIORE and Judge GARCIA taking no part.

Order reversed, defendant's motion insofar as it sought to suppress the physical evidence granted, judgment vacated and case remitted to Supreme Court, Queens County, for further proceedings in accordance with the opinion herein.

**All Citations**

26 N.Y.3d 773, 47 N.E.3d 770, 27 N.Y.S.3d 491, 2016 N.Y. Slip Op. 01255

Footnotes

1    The gun central to this case was never recovered.
2    Defendant also contends that the Appellate Division's ruling that the search was permissible under the plain view doctrine violates *People v. LaFontaine,* 92 N.Y.2d 470, 474, 682 N.Y.S.2d 671, 705 N.E.2d 663 (1998) inasmuch as the plain view exception was not at issue before the hearing court. Here, however, the People invoked the plain view doctrine before the hearing court, and the issue was decided adversely to defendant when that court denied suppression.
3    Specifically, we note that, given our conclusion that the seizure is unconstitutional, we have no occasion to consider defendant's contention with respect to the validity of the search.

End of Document                                    © 2018 Thomson Reuters. No claim to original U.S. Government Works.

leg in 2010, I was placed in general population in the jail without proper medical treatment/attention for the bullet wound.

III.   Relief:  State what relief you are seeking if you prevail on your complaint.

1.5 million dollars for mental and emotional anguish. $1.5 million for being denied to attend my son's funeral (had I not been in the DOCS system in the first place) $1.5 million for the nightmares over my false arrest and wrongful conviction which I'm on psyche meds for anti-depressi $1.5 million for deprivation of character, due to malicious prosecution. $1.5 million for unlawful incarceration, etc.

I declare under penalty of perjury that on ___8, 10, 2018___. I delivered this
                                              (date)
complaint to prison authorities at ___Clinton Corr. Fac.___ to be mailed to the United
                                              (name of prison)
States District Court for the Eastern District of New York.


I declare under penalty of perjury that the foregoing is true and correct.

Dated: __8, 10, 18__        _____
                            Signature of Plaintiff

                            Clinton Correctional Facility (Main)
                            Name of Prison Facility or Address if not incarcerated

                            P.O.B. 2000

                            Dannemora, NY 12929

                            _____
                            Address

                            18A0329
                            Prisoner ID#