UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
OSCAR L. SANDERS,

        Plaintiff,

v.

RICHARD A. BROWN, Queens District Attorney,

        Defendant.
----------------------------------------------------------X

**MEMORANDUM
AND ORDER**
18-CV-5079 (WFK) (VMS)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On September 4, 2018, plaintiff Oscar L. Sanders, currently incarcerated at Clinton Correctional Facility, filed this *pro se* action against defendant Richard A. Brown alleging false arrest and malicious prosecution. On September 24, 2018, the Court granted plaintiff's application to proceed *in forma pauperis*. The complaint is dismissed as set forth below.

## BACKGROUND

Plaintiff alleges that his 2010 conviction was dismissed in 2016. Compl. at 3-4, ECF No. 1. In support of his claim, plaintiff attaches a New York Court of Appeals decision reversing his conviction. *See* Pl. Exhibit A, *People v. Sanders*, 26 N.Y.3d 773 (2016) (holding that warrantless search and seizure of plaintiff's clothing left in plastic bag on floor of hospital room was unlawful). Plaintiff alleges he was released from custody but does not provide the date of release. Compl. at 4. Plaintiff is now incarcerated on a separate conviction. Compl. at 1.

In 2011, plaintiff filed a civil rights complaint against Police Officer Anthony Siano, District Attorney Richard A. Brown and Pamela Jordan based on the same arrest at issue here. *See Sanders v. Siano*, 11-CV-2203 (RRM) (LB) (filed Apr. 12, 2011). The complaint was

1

dismissed as to Brown and Jordan, but the complaint was allowed to proceed as to Police Officer Anthony Siano. *See* 11-CV-2203, Memorandum and Order, ECF No. 6.

The case was administratively closed until the conclusion of plaintiff's appeal of his conviction. *See* 11-CV-2203, ECF No. 23. Although a decision on plaintiff's direct appeal was issued on February 23, 2016, Pl. Exhibit A, plaintiff did not move to lift the stay imposed in *Sanders v. Siano*, 11-CV-2203 (RRM)(LB).

## STANDARD OF REVIEW

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that her pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Nonetheless, the Court must screen a civil complaint brought by prisoners against a governmental entity or its agents and dismiss the complaint or any portion of the complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C.

2

§§ 1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Similarly, pursuant to the *in forma pauperis* statute, the court must dismiss the action for the same reasons or if the plaintiff "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## **DISCUSSION**

Plaintiff alleges malicious prosecution and false arrest which are claims cognizable under 42 U.S.C. § 1983. This section provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. This statute "creates no substantive rights; it provides only a procedure for redress for the deprivation of rights established elsewhere." *Sykes v. James*, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted); *see also Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). In order to maintain a § 1983 action, a plaintiff must show that the defendant (a) acted under color of state law (b) to deprive the plaintiff of a right arising under the Constitution or federal law. *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (citing *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)).

To prevail on a Section 1983 claim for malicious prosecution, the plaintiff must show "(1) that the defendant commenced or continued a criminal proceeding against him; (2) that the proceeding was terminated in the plaintiff's favor; (3) that there was no probable cause for the proceeding; and (4) that the proceeding was instituted with malice." *Kinzer v. Jackson*, 316 F.3d 139, 143 (2d Cir. 2003) (citations omitted). However, even if these factors are met, prosecutors

enjoy absolute immunity from malicious prosecution claims as long as they are acting within the traditional prosecutorial function. *See Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *Simon v. City of New York*, 727 F.3d 167, 171 (2d Cir. 2013); *Shmueli v. City of New York*, 424 F.3d 231, 236 (2d Cir. 2005); *Bernard v. Cty. of Suffolk*, 356 F.3d 495, 504 (2d Cir. 2004).

Plaintiff's complaint cannot proceed against District Attorney Richard A. Brown. First, plaintiff fails to allege any facts to show that defendant Brown was personally liable for the alleged deprivation of his constitutional rights. *See generally* Compl. Rather, it appears that plaintiff names District Attorney Brown based on his role as a supervisor. The United States Supreme Court has held that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution," and rejected the argument that "a supervisor's mere knowledge of his subordinate's discriminatory purpose amounts to the supervisor's violating the Constitution." *Iqbal*, 556 U.S. at 676-77. Since the claim against this supervisor defendant, as presently stated, can be supported only on the basis of the *respondeat superior* or vicarious liability doctrines, which are not applicable to § 1983 actions, the claims against defendant Brown are dismissed pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B).

Second, it is clear that to the extent plaintiff sues District Attorney Brown for performing traditional prosecutorial functions, he is entitled to prosecutorial immunity. "Prosecutorial immunity from § 1983 liability is broadly defined, covering 'virtually all acts, regardless of motivation, associated with [the prosecutor's] function as an advocate." *Hill v. City of New York*, 45 F.3d 653, 661 (2d Cir. 1995) (citation omitted). Such protected conduct includes when the prosecutor "initiat[es] and pursu[es] a criminal prosecution," *see Shmueli*, 424 F.3d at 236 (quotation omitted), and acts undertaken "in preparing for the initiation of judicial proceedings or

for trial," *see id.* at 236-37 (quotation omitted), even if the prosecutor makes false statements during judicial proceedings, *see Burns v. Reed*, 500 U.S. 478, 490 (1991), knowingly uses false testimony, *Shmueli*, 424 F.3d at 237, deliberately withholds exculpatory evidence, *id.*, or engages in malicious prosecution, *id.* at 238. *See also Imbler*, 424 U.S. at 431 n.33.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed against defendant District Attorney Richard A. Brown pursuant to 28 U.S.C. §§ 1915A(b); 1915(e)(2)(b).

However, the case is dismissed without prejudice to plaintiff filing a written application in his prior case, *Sanders v. Siano*, 11-CV-2203 (RRM) (LB), to lift the stay imposed. Any claims related to his 2010 conviction should be filed in *Sanders v. Siano*, 11-CV-2203 (RRM)(LB).[1]

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
United States District Judge

Dated: October 29, 2018
      Brooklyn, New York

---

[1] The case was assigned by random selection to this docket rather than to Judge Mauskopf as a related case because plaintiff failed to notify the Court that he had a prior case, and when he filed this new action, his name and prison identification number did not match his prior case.